IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANGELA FARLEY and FREDERICK WILLIAM FARLEY,<br><br>          Plaintiffs,<br><br>vs.<br><br>DONNA E. HILL; DONNA E. HILL, REVOCABLE TRUST; KENNETH WILEY; and JERRY CRABB,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case Number CIV-05-128-C<br>)<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM OPINION AND ORDER**

Before the Court are the Motion of Defendant, Kenneth Wiley, to Dismiss the Complaint; the Motion to Dismiss of Defendants Donna E. Hill and the Donna E. Hill Revocable Trust; and the Motion to Dismiss for Lack of Subject Matter Jurisdiction of Defendant Jerry Crabb. Plaintiffs have filed a Response to each motion. Defendants Donna Hill and the Donna E. Hill Revocable Trust and Wiley filed Reply briefs. These matters are now at issue.

Plaintiffs filed the present action asserting claims under the Oklahoma Uniform Fraudulent Transfer Act, 24 Okla. Stat. §§ 112, *et seq.*, common law fraud, conspiracy to commit fraud, and conversion. In 2003, Plaintiffs obtained a money judgment against James A. Hill. According to Plaintiffs, before they could collect on that judgment, Mr. Hill transferred his assets to one of the Defendants herein. Plaintiffs then brought the present

action seeking to have these transfers set aside and/or assigned to them in such amounts as necessary to satisfy their judgment. Defendants filed the present motions arguing the Court lacks subject matter jurisdiction over Plaintiffs' claims because Mr. Hill has filed bankruptcy and any right to set aside the transfers exists solely on behalf of the bankruptcy trustee.

Defendants' point is well taken. Each of the claims asserted by Plaintiffs is in reality an attempt to reassign assets to Mr. Hill so that Plaintiffs can then collect their judgment. Indeed, Plaintiffs have failed to offer any evidence or argument that their judgment may be collected directly from Defendants herein. Rather, Plaintiffs' argument is premised on first finding that Defendants have improperly been given assets of Mr. Hill. If the allegations of transfer asserted by Plaintiffs are true, then the transferred property is likely property of the bankruptcy estate. See 11 U.S.C.A. § 541:

> The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> . . . .
>
> (3) Any interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553, or 723 of this title.

Considering the effect of this statute, the Tenth Circuit stated: "[W]e must conclude that, by statute, the bankruptcy court is the only court with postbankruptcy subject matter jurisdiction over preferential transfers of the debtor's property." Delgado Oil Co., Inc. v. Torres, 785 F.2d 857, 860 (10th Cir. 1986). Despite Plaintiffs' attempts to distinguish it, the Court is convinced In re Mortgageamerica Corp., 714 F.2d 1266 (5th Cir. 1983), is persuasive. In that

case, the Fifth Circuit determined that a creditor could not pursue a claim under the Texas Fraudulent Transfers Act because the property allegedly fraudulently transferred was property of the estate and, therefore, the claim must be pursued by the bankruptcy trustee. Id. at 1275.  Finally, the claims pursued by Plaintiffs could be brought by the bankruptcy trustee under 11 U.S.C. § 544(b).  The Fifth Circuit has held that such claims are "core proceedings" and therefore are available only under the bankruptcy code.  See In re Gandy, 299 F.3d 489, 496 (5th Cir. 2002).  Because the claims pursued by Plaintiffs must first be pursued in the bankruptcy court, this Court lacks subject matter jurisdiction and Plaintiffs' case must be dismissed.

As set forth more fully herein, the Court lacks subject matter jurisdiction over the claims raised by Plaintiffs.  Accordingly, the Motion of Defendant, Kenneth Wiley, to Dismiss (Dkt. No. 19); the Motion to Dismiss of Defendants Donna Hill and the Donna E. Hill Revocable Trust (Dkt. No. 21); and the Motion to Dismiss for Lack of Subject Matter Jurisdiction of Defendant Jerry Crabb (Dkt. No. 31) are GRANTED.  Plaintiffs' claims are DISMISSED as to all Defendants.

IT IS SO ORDERED this 25th day of May, 2005.

_____
ROBIN J. CAUTHRON
United States District Judge